# Bovard *versus* Christy.

Where the direction of the court tends to withdraw the attention of the jury from the conflict of testimony which it was the province of the latter to dispose of, it is error.—Therefore, where a dispute existed as to the height of water raised by a dam, and the court referred the jury, as to its cause, to changes in the bed of the stream above the dam, which this court consider impossible, the judgment was reversed.

ERROR to the Common Pleas of *Westmoreland county.*

This was an action on the case for a nuisance, brought by Christy against Bovard, for flooding his lands by the erection of a mill-dam upon Beaver Run, a small stream which ran through the farms of the parties.

It appeared from the evidence, that John Bovard, the father of the plaintiff in error, erected a saw-mill dam, upon Beaver Run, in 1816, the water from which dam he used for driving a saw-mill, until his death. By his will, he devised the property to his son, who entered and continued in the enjoyment till 1834, when he built a grist-mill upon the site of the saw-mill, without, however, altering the dam. In July, 1837, the dam was carried away by a freshet, and Bovard erected a new one upon the old foundation, or very nearly so. In the mean time the land above this dam was devised to the defendant in error, by his father, and he went into possession.

Upon the trial, the question was, whether the new dam was higher than the old one, and whether it threw the water back upon Christy

[Bovard *v.* Christy.]

further than before.    The plaintiff below, (Christy,) offered evidence to prove, that since the erection of the new dam with a higher and more extended wing-dam, the water in the dam was raised higher, and that his meadows were worse flooded and injured than before.

The defendant, Bovard, offered evidence to prove that the new dam was not higher than the old, and could not, therefore, be the cause of the increased flooding above it, if such did exist.

Upon this part of the case, the court charged the jury, "that the defendant was justified in flooding the land to the same extent and no greater than he had done for twenty-one years before the commencement of this suit; and further, if by *changes in the bed of the stream above the dam*, the water was thrown further back by reason of the obstruction occasioned by the dam, than it had been for twenty-one years, the defendant would be liable for the additional injury, *although the height of the dam may not have been increased*, for the reason that the presumption of grant arising from the period aforesaid, was as to the particular land flooded, and not as to the height of the dam."

The jury, under this instruction, returned a verdict for the plaintiff for $36 ; upon which there was judgment.

Error was assigned as to the above part of the charge, and in other respects.

The case was argued by *Cowan*, for plaintiff in error; and by *Burrel*, contra, with whom was *Foster*.

The opinion of the court was delivered by

GIBSON, C. J.—It was said in Riddle *v.* Dixon, 2 *Barr* 364, that an error in hydrostatics is not a subject of legal adjudication; but it becomes an error in law, when the court gives it a direction that may lead the jury to error of fact.    There was a conflict of testimony in this case, and witnesses, who swore that the surface of the pool at the dam was no higher than the permanent watermarks on the old forebay and the shores, were confronted with witnesses who swore that it was raised at the upper end of the pool, for that more of the plaintiff's land had been submerged since the erection of the new dam than was submerged before it.    Both sets could not be right; for it is an eternal principle, that water finds its level; yet the court pointed out a middle ground to reconcile them, by directing, that if by *changes in the bed of the stream* above the dam, the water was thrown further back by reason of the obstruction raised by the dam, than it had been for twenty-one years, the defendant would be liable for the additional injury, *though the height of the dam may not have been increased.*    But such an effect, from such a cause, was impossible.    No deposit in the pool or excavation in the

[Bovard *v.* Christy.]

channel above it, could alter the pitch of the surface; and, as was said in McCalmont *v.* Whitaker, 3 *Rawle* 84, it is the relative height of the surface which determines the quantity of the water power. No matter how much the bottom of the stream may have been washed away, the effect would be to deepen the water in it, not to overflow its banks; nor could any sand-bar be occasioned by the dam which would produce the supposed effect. The direction, consequently, tended to withdraw the attention of the jury from the conflict of testimony, which it was their business to dispose of.

Judgment reversed and a *venire de novo* awarded.